IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROTHELEO DIXON                                                          PETITIONER

VS.                                                    CIVIL ACTION NO. 5:11CV17-DPJ-FKB

CHRISTOPHER B. EPPS, RONALD KING,
JOHNNY DENMARK, AND HUBERT DAVIS                            RESPONDENTS

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Respondents' Motion to Dismiss (Docket No. 9) pursuant to 28 U.S.C. § 2244(d) and on the petition for writ of habeas corpus filed by Rotheleo Dixon, a state prisoner. Petitioner did not respond to the Respondents' Motion. Having considered the petition and the Respondents' Motion to Dismiss Pursuant to § 2244(d), the undersigned recommends that the Motion to Dismiss be granted and the petition be dismissed with prejudice.

**I. FACTS AND PROCEDURAL HISTORY**

On April 5, 2005, Petitioner pled guilty in the Circuit Court of Yazoo County to the charge of murder "for setting his girlfriend on fire with a gasoline-type substance during an argument over cocaine." *Dixon v. State*, 52 So. 3d 1254, 1255 (Miss. 2011). Dixon was sentenced to life, and his judgment became final on May 5, 2005, thirty days after he was sentenced.[1]

---

[1] At the time of Dixon's plea, there was an exception created by the Mississippi Supreme Court that allowed an appeal from a guilty plea within thirty days if the issue being appealed dealt with an alleged illegal sentence. *See Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977); *Trotter v. State*, 554 So. 2d 313, 315

On April 20, 2009, Dixon filed what he titled a "Motion for Sentence Reduction or Lesser Crime" in the Circuit Court of Yazoo County. Docket No. 9-2. The Circuit Court treated this filing as a Motion for Post-Conviction Collateral Relief under Miss. Code Ann. § 99-39-1, *et seq.* Docket No. 9-3. The Circuit Court dismissed the motion as untimely because it was filed after the state's three-year statute of limitations set forth in Miss. Code Ann. § 99-39-5 (2) had expired. *Id.* On February 1, 2011, the Mississippi Court of Appeals affirmed the trial court's dismissal. *Dixon*, 52 So. 3d at 1255. Dixon did not petition the Mississippi Court of Appeals for rehearing or the Mississippi Supreme Court for certiorari review.

A *pro se* prisoner's complaint is considered filed when delivered to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006). Although this Court did not receive the instant habeas corpus petition until February 22, 2011, the undersigned will consider February 9, 2011, the date on which Dixon signed the petition, as the filing date in this Court.

## II. DISCUSSION

In his petition, Dixon asserts two grounds for habeas relief. The State answered Dixon's petition with a Motion to Dismiss, arguing that his petition was untimely. Because the Court agrees with the State's argument and finds that Dixon's petition was filed

---

(Miss. 1989); *Berry v. State*, 722 So. 2d 706, 707 (Miss. 1998); *Campbell v. State*, 743 So. 2d 1050, 1052 (Miss. Ct. App. 1999); and *Acker v. State*, 797 So. 2d 966, 967 (Miss. 2001). With the amendment of the controlling statute, the exception no longer applies to guilty pleas taken after July 1, 2008. *Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010). But, Dixon is entitled to the thirty day exception after his sentencing on April 5, 2005.

2

untimely, it will not address the merits of the petition.

Turning to the Motion to Dismiss, the State points to 28 U.S.C. § 2244(d) as the foundation of its position. Section 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

Asserting that none of the narrow exceptions of section 2244(d) (B) - (D) are applicable to Petitioner's facts, the State argues that Dixon's federal habeas petition was due within one year of the date that his judgment of conviction became final. As stated above, Dixon's judgment became final on May 5, 2005. Accordingly, the State asserts that Dixon's window to file a petition for federal habeas relief expired on May 5, 2006. Thus, the State posits that Dixon's petition, signed on February 9, 2011, was untimely filed. A review of the relevant dates shows that the State is correct.

Dixon's judgment became final on May 5, 2005, thirty (30) days after entry of his guilty plea. Under § 2244(d)(1) and without the benefit of tolling pursuant to § 2244(d)(2), Dixon's application for writ of habeas corpus was due in this Court within one year, or by May 5, 2006. Dixon failed to file any application for post-conviction relief prior to or on May 5, 2006. Because Dixon's "Motion for Sentence Reduction or Lesser Crime"—that was treated as a motion for post-conviction relief and filed on April 20, 2009—was filed after the federal habeas statute of limitations expired on May 5, 2006, this filing did not operate to toll the federal habeas statute of limitations.

Recently, the United States Supreme Court held that, in appropriate cases, § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show: "1) that he has been pursuing his rights diligently and 2) that some extraordinary circumstances stood in his way and prevented timely filing." *Id.* at 2562.[2]

Dixon was given the opportunity in paragraph eighteen of the petition to provide argument that would entitle him to either equitable or statutory tolling. Instead, he argued in paragraph eighteen that his guilty plea was involuntary and resulted from a violation of

---

[2]"'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999)(quoting Rashidi v. American President Lines, 96 F.3d 124 128 (5th Cir. 1996). "Equitable tolling will be granted in 'rare and exceptional circumstances, ' and will not be granted if the applicant failed to diligently pursue his rights." Larry v. Dretke, 361 F.3d 890, 897 (5th Cir. 2004)(citations omitted); see also Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999)(In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.). Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing. Larry v. Dretke, 361 F.3d at 897.

his constitutional rights. Docket No. 1 at 13.

Dixon filed his motion for post-conviction relief almost a year after the expiration of the state limitations period, and he filed the instant habeas petition almost five years after the federal limitations period had expired. The extent of the untimeliness of Dixon's motion for post-conviction relief and habeas petition demonstrates a lack of diligence.

Furthermore, Dixon fails to show "that some extraordinary circumstances stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562. Dixon has not presented any argument supporting a finding of extraordinary circumstances.

In sum, Dixon failed to file his habeas petition within the one-year period of limitation under 28 U.S.C. § 2244(d) and has shown no grounds for any tolling. Therefore, the Respondent's Motion to Dismiss should be granted.[3]

### III. CONCLUSION

Accordingly, for the reasons stated above, the undersigned recommends that Respondents' Motion to Dismiss be granted and that this case be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R.

---

[3] Even if the undersigned were to find that equitable tolling applied or that the petition was timely filed, Dixon's claims in the instant petition would be procedurally barred because of his failure to exhaust properly his claims through discretionary state appellate review. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 17th day of January, 2012.

/s/   F. Keith Ball

UNITED STATES MAGISTRATE JUDGE