UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROTHELEO DIXON                                                              PETITIONER

VS.                                                    CIVIL ACTION NO. 5:11cv17-DPJ-FKB

CHRISTOPHER B. EPPS, RONALD KING,
JOHNNY DENMARK, AND HUBERT DAVIS                            RESPONDENTS

<u>ORDER</u>

This cause came on this date to be heard upon the Report and Recommendation of the United States Magistrate Judge, after referral of hearing by this Court.  Magistrate Judge Ball recommended dismissal of Dixon's petition for writ of habeas corpus as time barred pursuant to 28 U.S.C. § 2244(d).

Section 2244(d) of the Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year deadline to file a petition for writ of habeas corpus.  Dixon pleaded guilty to murder in April 2005, his judgment became final on May 5, 2005, and accordingly, his one year expired on May 5, 2006.  On April 20, 2009, Dixon filed a "Motion for Sentence Reduction or Lesser Crime" in the trial court, which the court treated as a motion for post-conviction relief and dismissed as untimely.  On February 1, 2011, the Mississippi Court of Appeals affirmed the dismissal, and Dixon did not petition the Mississippi Court of Appeals for rehearing or the Mississippi Supreme Court for certiorari review.  The April 2009 filing does not operate to toll the federal habeas statute of limitations, because it was filed well beyond the expiration of his one-year deadline.  In sum, the Court agrees with Judge Ball's assessment that Dixon's petition, signed February 9, 2011, is untimely.

Dixon filed an Objection to the Report and Recommendation, primarily expressing displeasure with the Inmate Legal Assistance Program (ILAP) available to him.  Assuming this is a plea for equitable or statutory tolling, Dixon's argument is not well taken.

1.      Statutory Tolling

With respect to statutory tolling under § 2244(d)(1)(B), the Fifth Circuit has held that, "to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).  In *Egerton*, the petitioner complained that the prison did not provide a copy of the AEDPA or otherwise provide prisoners notice of the one-year limitations period.  The Fifth Circuit held that the complete absence of a copy of the AEDPA in a prison facility "without some . . . alternative arrangements" to make the necessary AEDPA information "available" to prisoners may be considered an "impediment" under § 2244(d)(1)(B) and that the specific facts of Egerton's case warranted statutory tolling.  *Id*. at 438–39.

More recently, the Fifth Circuit again considered the issue of statutory tolling in the context of a petitioner's complaints about the law library.  *Krause v. Thaler*, 637 F.3d 558 (5th Cir. 2011).  The Court explained,

> To prevail, Krause must allege more than that the library was inadequate.  The Supreme Court has stated:
>> an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense . . .  [T]he inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

*Id.* at 561 (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (noting that there is no "abstract, freestanding right to a law library or legal assistance")) (citing *Miller v. Marr*, 141 F.3d 976, 978

(10th Cir. 1998) ("It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.")).  The Court declined to apply statutory tolling, because the petitioner "only allege[d] that the library facility was inadequate.  He does not at any point allege facts as to why the transfer facility's lack of legal materials prevented him from filing a timely habeas petition." *Id.* at 561.

Here, Dixon complains that (1) he is only allowed to order ten cases per week and often does not receive the entire ten cases; (2) the staff "does not even know how too [sic] 'Shepardize Case'" and "this almost never happens 'correctly'"; (3) as a result, "research [is] long and pain stacking [sic]"; and (4) "[a]ll books[,] journals and computers are off limits to inmates of general population."  Objection [12] at 1-2.  Respondents, on the other hand, have submitted a copy of Dixon's Offender Log, which reflects that he was provided with a "First Step" packet on May 19, 2005— shortly after his judgment became final, almost four years prior to the filing of his state court post-conviction motion, and almost six years prior to the filing of the instant petition. Response [13] Exh. A.[1]

Dixon's allegations do not rise to the level of *Egerton*.  Dixon does not claim that he was denied access to the AEDPA or that he was unaware of the limitations period, and Respondents have shown that he was provided information about the AEDPA through the ILAP system.  *See Townsend v. Epps*, Cause No. 2:06cv199–M–A, 2007 WL 1687461 at *3 (N.D. Miss. June 8, 2007) (inmates in custody of Mississippi Department of Corrections have access to the AEDPA and other legal materials through the Inmate Legal Assistance Program); *Jones v. King*, Cause

---

[1]  The log also reflects that a "2nd Step" packet was furnished to Dixon on June 10, 2005, and Dixon took advantage of the ILAP services throughout his incarceration.  *Id.*

No. 3:05cv356–B–S, 2006 WL 1674302 at *4–6 (S.D. Miss. June 16, 2006) (same); *Neal v. Bradley*, Cause No. 2:05cv67–M–B, 2006 WL 2796404 (N.D. Miss. Sept. 25, 2006) (same). Essentially, he expresses displeasure with ILAP's policies of providing up to ten cases upon request and the quality of assistance he receives. But Dixon has not shown that he was prevented from filing his petition, that he was prevented at the hands of the state, or that in doing so, the state violated federal law or the United States Constitution. As noted above, Dixon's petition was almost five years late. His frustration does not excuse his late filing.

2.      Equitable Tolling

        In *Felder v. Johnson*, the Fifth Circuit observed that the statute of limitations could be equitably tolled, "albeit only in 'rare and exceptional circumstances.'" 204 F.3d 168, 170-71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th cir. 1998) (citing *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances to justify equitable tolling")). But the Fifth Circuit has been reluctant to extend equitable tolling to claims based on an inadequate law library. *See Howard v. Epps*, 250 F. App'x 73, 75 (5th Cir. 2007) ("Howard's argument that he is entitled to equitable tolling because the information he received from the Inmate Legal Assistance program confused him is unavailing.") (citing *Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002)); *Caldwell v. Dretke*, 182 F. App'x 346, 347 (5th Cir. 2006) (finding no abuse of discretion in district court's denial of equitable tolling to petitioner who alleged, inter alia, "limitation on his access to the law library"); *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000) ("We note that an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling."); *Felder*, 204 F.3d

at 172 (holding that pro se litigant's "mere ignorance of the law or lack of knowledge of filing

deadlines does not justify equitable tolling"); *Turner v. Johnson*, 177 F.3d 390, 392 (5th

Cir.1999) (analyzing equitable tolling in habeas case and stating that "neither a plaintiff's

unfamiliarity with the legal process nor his lack of representation during the applicable filing

period merits equitable tolling").  Dixon's complaints about the ILAP procedure do not warrant

application of equitable tolling.

3.      Failure to Exhaust

        Alternatively, as pointed out by Judge Ball, the Court finds that even if the petition was

timely, it would be procedurally barred because of his failure to exhaust properly his claims

through discretionary review.  Before federal habeas relief may be granted, a prisoner must

exhaust his remedies in state court.  28 U.S.C.  § 2254(b)(1); *Whitehead v. Johnson*, 157 F.3d

384, 387 (5th Cir. 1998).  The exhaustion requirement is satisfied if the substance of the federal

claim set forth in the habeas petition has been fairly presented to the state's highest court in a

procedurally proper manner. *See* Miss. R. App. P. 4(a) & 17(a); *O'Sullivan v. Boerckel*, 526 U.S.

838, 845–48 (1999); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).

        In Mississippi, appellants who are dissatisfied with the decision of the Mississippi Court

of Appeals must first file a motion for rehearing with that court, then file a petition for writ of

certiorari with the Mississippi Supreme Court to obtain review of the decision of the Court of

Appeals. Miss. R. App. P. 17(b).  Dixon did not petition  the Mississippi Court of Appeals for

rehearing or the Mississippi Supreme Court for certiorari review.  And because relief (in the

form of a petition for rehearing or a petition for writ of certiorari) is no longer available due to

the expiration of the time for such review, habeas review of these claims in this court is procedurally barred pursuant to *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

In sum, the Court, having fully reviewed the Report and Recommendation of the United States Magistrate Judge entered in this cause, and being duly advised in the premises, finds that said Report and Recommendation should be adopted as the opinion of this Court.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 21st day of February, 2012.

s/ *Daniel P. Jordan III* _____
UNITED STATES DISTRICT JUDGE